Phone: 920.231.2150
Fax: 920-231-5713

# THOMAS J. KING
CHAPTER 13 TRUSTEE IN BANKRUPTCY
EASTERN DISTRICT OF WISCONSIN
2950 Universal Court
P.O. Box 3170
Oshkosh, Wisconsin 54903-3170

January 9, 2014

Honorable G. Michael Halfenger
U S Bankruptcy Court Judge
517 East Wisconsin Avenue
Milwaukee WI 53202

**Re: Toya S Jones
Case # 2013-33118-GMH-13**

Dear Judge Halfenger:

This letter brief is to further address the concerns raised by the Court at the hearing in the above matter on November 26, 2013, regarding the application to employ Nathan DeLadurantey and Heidi Miller as special counsel for the debtor to pursue her state court action.

The Trustee believes the Court must approve employment of a professional who seeks to receive compensation in a Chapter 13. It is also the Trustee's position that the debtor is usually in the best position to bring such a motion before the Court, as the information necessary for use of that professional is in the possession of the debtor.

In situations involving attorneys representing the debtor, the trustee points to 11 U.S.C. § 329 (2005), indicating that "attorneys representing a debtor in a case under this title or in connection with such a case, whether or not such attorney applies for compensation under this title, *shall file with the Court a statement of compensation paid or agreed to be paid*; if such payment or agreement was made after one year before the date of the filing of the petition for services rendered or to be rendered in contemplation of or in connection with the case by such attorney and the source of such compensation." Emphasis added.

A situation similar to the instant case occurred in *In re Campbell*, 259 B.R. 615, (N.D. Ohio 2001), which reviewed legal work related to the case and its need to be approved by the Court. In *Campbell,* the situation involved mortgage mediation. Ms. Jones is pursuing an illegal repossession claim; however, the two are similar in that they do involve property of the estate. In the instant case, the amended plan indicates that property of the estate will revest in the debtor *upon discharge*. Additionally, the special provisions of this plan indicate that the plan is dependent, in part, on the resolution of the lawsuit in question. All of this together points to the need for the Court to approve the application for representation for the debtor.

On a broader scale, the trustee points to 11 U.S.C. § 327(e) (2005) for the employment of professionals. While in court, there was discussion of *In re Tirado*, 329 B.R. 244, 248 - 251 (E.D. Wis. 2005), where Judge Kelley found that the application to employ a professional was unnecessary and that § 327(e) was not applicable as this applied to the trustee. However, in *In re*

*Goines*, 465 B.R. 704 (N.D. Ga. 2012), the Court was asked to approve the hiring of counsel for a worker's compensation case. In interpreting the 7th Circuit case *In re Cable*, 200 F.3d 467, the *Goines* Court interpreted trustee to include the Chapter 13 Debtor in possession, indicating that the debtor seemed the most appropriate party in interest to be make the request to employ a professional, as the debtor controls the lawsuit. While § 327(e) itself does reference the trustee, the Court in *In re Jackson*, 317 B.R. 573 (B.D. Mass. 2004) spends time interpreting *Cable*, and once again indicates that the Chapter 13 *Debtor* has standing to sue on behalf of the estate and therefore can bring the request to employ a professional.

Further, 11 U.S.C. § 330 provides for compensation under both § 327, § 329 as well as other sections after notice and hearing. This section makes compensation contingent on employment under the sections listed, include 327 and 329. *See In re Swenson*, 2013 WL 3776318 Bankr. D. Kan. 7/16/13 (09-41687).

Sincerely,

/s/Rebecca A. Quiroz
Rebecca A. Quiroz
 Staff Attorney Chapter 13 Trustee

Enclosure

c: Deladurantey Law Office LLC by ecf e-mail

RAQ:lat

**SO ORDERED.**

**SIGNED this 16th day of July, 2013.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

Designated for print publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | |
| **ALAN GREG SWENSON,** | **CASE NO. 09-41687**<br>**CHAPTER 12** |
| **DEBTOR.** | |

**MEMORANDUM OPINION, ORDER, AND JUDGMENT
GRANTING THE TRUSTEE'S MOTION TO DISBURSE UNSECURED FUNDS
AND DENYING THE FIRST APPLICATION FOR ALLOWANCE OF
ATTORNEYS' FEES AND EXPENSES**

There are two related matters under advisement: (1) the Motion to Disburse Unsecured Funds, filed by Eric C. Rajala, Chapter 12 Standing Trustee, seeking an order authorizing him to disburse $1,743.75 to unsecured creditors under Debtor's confirmed Chapter 12 Plan[1]; and (2) the First Application for Allowance of Attorneys' Fees and

---

[1] Dkt. 111.

Expenses, filed by Stumbo Hanson, LLP, counsel for the Debtor.[2] The Court has jurisdiction.[3]

**FINDINGS OF FACT.**

This Chapter 12 case was filed on October 5, 2009. A Disclosure of Compensation of Attorney for Debtor was filed by Stumbo Hanson, LLP.[4] It states that counsel has agreed to a fee of $3,000 for legal services in the bankruptcy case, but that the flat fee does not include services for adversary proceedings, contested matters, and debtor audits conducted by the United States Trustee, for which services will be billed at an hourly rate. The Debtor's Chapter 12 plan was also filed on October 5, 2009,[5] and was confirmed by an order entered on December 1, 2009.[6] The plan recites that the only administrative claim is fees for legal representation in the bankruptcy case, expected to be $8,000, with a retainer of $1,530 having been paid by Debtor pre-petition. Stumbo Hanson did not seek appointment as counsel for the Debtor under § 327.[7] A case trustee

---

[2] Dkt. 113.

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to disburse estate funds and an application for the allowance of fees are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[4] Dkt. 1 at 45.

[5] Dkt. 2.

[6] Dkt. 25.

[7] 11 U.S.C. § 327. All references to title 11 in the text shall be to the section number only.

has not been appointed; Debtor is serving as Debtor-in-Possession under § 1203.

On March 30, 2013, the Standing Chapter 12 Trustee moved for an order authorizing him to disburse the sum of $1,743.75, representing Debtor's 2010, 2011, and 2012 plan payments, to 19 general unsecured creditors, plus to himself for the Standing Trustee's statutory fee. Stumbo Hanson objected to the motion "in so far as it wholly fails to recognize the administrative claim of Stumbo Hanson for professional fees."[8] Simultaneously with the objection, Stumbo Hansen filed the First Application for Allowance of Attorneys' Fees and Expenses in the amount of $7,882.19.[9] The Standing Trustee objected to the fee application on the basis that the Court had not approved the employment of Stumbo Hanson as counsel for Debtor-in-Possession, as required by § 327.[10] Stumbo Hanson replied, asserting that neither Chapter 12 of the Bankruptcy Code nor § 330(a)(4)(B), which specifically addresses reasonable compensation to debtors' attorneys in Chapter 12 cases filed by individuals, makes any mention of the debtor's employment of professional persons under § 327.

**DISCUSSION.**

The sole issue presented is whether in a Chapter 12 case, where the debtor has not been removed as the debtor-in-possession and an independent trustee appointed, the debtor's counsel must be appointed under the procedures of § 327 to be entitled to receive

---

[8] Dkt. 115.

[9] Dkt. 113.

[10] Dkt. 116.

3

Case 09-41687 gmh Doc# 127-1 Filed 07/16/13 Page 3 of 13
Case 13-33118 gmh Doc# 41 Filed 01/09/14 Page 5 of 16

compensation for services and reimbursement for expenses from the estate. Section 327(a) provides that a trustee, with the court's approval, may employ professionals. It states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

In Chapter 11 cases, "[s]ection 327(a) is made applicable to debtors, as debtors-in-possession."[11] Section 1101 defines "debtor in possession" to mean the debtor, except when a person qualified under § 322 is serving as trustee in the case. Section 1107(a) provides that a debtor-in-possession generally has all of the rights and powers and is to perform all the functions and duties of a trustee serving under Chapter 11. One of those rights is the right under § 327(a) to employ professional persons, including attorneys, with court approval.

Likewise in Chapter 12 cases, the debtor-in-possession generally has all of the rights and powers and is to perform all of the functions and duties of a trustee serving under Chapter 12.[12] The Chapter 12 debtor-in-possession therefore also has the right to seek the employment of counsel under § 327(a).[13] Any question whether § 327 applies to

---

[11] *In re Land*, 943 F.2d 1265, 1266 (10th Cir. 1991).

[12] 11 U.S.C. § 1203.

[13] *In re French*, 139 B.R. 485, 488 & n. 3 (Bankr. D.S.D. 1992); *In re Cashen*, 56 Fed. Appx. 714, 716, 2002 WL 31828435, *2 (7th Cir. 2002); *In re Brown*, 354 B.R. 535, 539 (Bankr. N.D. Okla.

Chapter 12 cases is erased by the explicit reference to Chapter 12 in subsections (b) and (c) of § 327. Case law recognizes § 327's applicability in Chapter 12 cases,[14] and in this district, motions for employment are filed in the majority of Chapter 12 cases.[15]

Section 330(a)(1) expressly conditions recovery of professional fees and expenses on appointment under § 327. Section § 330(a)(1) provides:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 —
>
> > (A) reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ; and
> >
> > (B) reimbursement for actual, necessary expenses.

An award under § 330(a) is entitled to administrative expenses status.[16]

In *Lamie,* the Supreme Court held that in a Chapter 7 case, §§ 327(a) and 330(a) combine to limit the class of debtors' attorneys eligible for compensation from the estate to those appointed upon the application of the trustee.[17] In Chapter 11 cases, the debtor-in-possession must obtain court approval of the employment of a professional for that

---

2006).

[14] *See, e.g., Brown*, 354 B.R. at 539.

[15] Unlike Chapter 11 cases, however, there is no local rule applicable to Chapter 12 cases requiring that such an application be filed. *See* 2012 D. Kan. Local Bankr. R. 2014.1 (applicable only to Chapter 11 cases).

[16] 11 U.S.C. § 503(b)(2).

[17] *Lamie v. United States Trustee*, 540 U.S. 526 (2004).

5

professional to be entitled to compensation from the estate under § 330(a)(1), and any professional not obtaining court approval under § 327 is considered a volunteer not entitled to compensation from the estate.[18] There is nothing in the Code requiring different treatment under § 330(a)(1) for counsel for the debtor-in-possession in Chapter 12 cases. In this case, Stumbo Hanson has not been appointed as counsel for the debtor-in-possession under § 327. It agrees that it is therefore not entitled to an award of fees and expenses under § 330(a)(1).

The law firm contends, notwithstanding the lack of appointment under § 327, that it is nevertheless entitled to an award from estate property under § 330(a)(4)(B), which provides:

> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Whether § 330(a)(4)(B) allows the estate to pay the fees and expenses of counsel for a Chapter 12 debtor-in-possession who is not appointed under § 327 is an issue of first impression. Neither the parties nor the Court have found any authorities addressing the question.

The Court starts it analysis of § 330(a) by examining the statutory language in its entirety. "'[A] statute is to be considered in all its parts when construing any one of

---

[18] *In re Albrecht*, 245 B.R. 666, 671-72 (10th Cir. BAP 2000).

6

Case 09-41687 Doc# 127 Filed 07/16/13 Page 6 of 13
Case 13-33118-gmh Doc 41 Filed 01/09/14 Page 8 of 16

them.'"[19] The "'cardinal rule [is] that a statute is to be read as a whole, [citation omitted,] since the meaning of statutory language, plain or not, depends on context.'"[20] Section 330(a) reads as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 —
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may . . . award compensation that is less than the amount of compensation requested.
>
> (3) In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the

---

[19] *Houghton ex rel. Houghton v. Reinertson*, 382 F.3d 1162, 1170 (10th Cir. 2004) (*quoting Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998)). *See also Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1143 (10th Cir. 2005) ("The process of statutory construction has been described as 'a holistic endeavor' taking into account, at a minimum, the 'statute's full text, language as well as punctuation, structure, and subject matter.'"; *quoting United States Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 455 (1993)).

[20] *Conroy v. Aniskoff*, 507 U.S. 511, 515 (1993) (*quoting King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991)).

Case 09-41687-gmh    Doc 1274    Filed 07/16/13    Page 7 of 13
Case 13-33118-gmh    Doc 41    Filed 01/09/14    Page 9 of 16

>   > service was rendered toward the completion of, a case under this title;
>   >
>   > . . .
>
>   (4) (A) Except as provided in subparagraph (B), the court shall not allow compensation for —
>
>   > (i) unnecessary duplication of services; or
>   >
>   > (ii) services that were not —
>   >
>   >   > (I) reasonably likely to benefit the debtor's estate; or
>   >   >
>   >   > (II) necessary to the administration of the case.
>
>   (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Examination of the structure of § 330(a) reveals that subsection (1) states the general rule of allowing compensation of professionals appointed under § 327 and the following subsections, (2), (3), and (4), address the amount of compensation. Subsection (a)(2) allows the Court to award less compensation than the amount requested, subsection (a)(3) lists guidelines for evaluating the amount to allow, and subsection (a)(4) states the general rule that compensation shall not be allowed when the services were not likely to benefit the estate, except in a chapter 12 or 13 case in which the debtor is an individual, in which circumstance compensation may be made for services which benefitted the debtor.

Subsection 330(a)(4)(B), when read in context as part of § 330(a), does not support

the construction urged by Stumbo Hanson.  The subsection expressly removes the requirement of benefit to the estate (established by § 330(a)(4)A)) for fees when individuals are debtors in Chapter 12 and 13 cases, but it includes nothing removing the requirement of approval of employment under § 327 as a condition for compensation for services of counsel for the debtor-in-possession.  It is only when § 330(a)(4)(B) is read is isolation that one could construe the subsection as independent of the § 330(a)(1) limitation of prior appointment under § 327.  But rules of statutory construction require that § 330(a) be read and construed as a whole.

The legislative history of § 330(a)(4) supports this analysis.  Before the Bankruptcy Reform Act of 1994, § 330 had provided for the award of reasonable compensation to and reimbursement for the expenses of "a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney."[21]  "The amount of compensation was to be determined 'based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under [the Code].'"[22]  The 1994 Reform Act renumbered § 330(a) as § 330(a)(1) and added § 330(a)(2), (3), and (4).  These new subsections were intended to address abuses in fees awarded in bankruptcy cases by "set[ting] forth in clear and concise terms those factors that must be considered when deciding the appropriateness of a fee

---

[21] 11 U.S.C. § 330(a) (1988 ed.).

[22] 3 *Collier on Bankruptcy* ¶ 330.LH[5] at 330-71 to -72 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2013).

9

request."[23] It was stated that "[t]hese changes should help foster greater uniformity in the application for and processing and approval of fee applications."[24] Although it noted "some minor drafting errors," the National Association of Consumer Bankruptcy Attorneys (NACBA) did not oppose the amendment of § 330, establishing more precise guidelines for approval of compensation, "since it contains language ensuring that chapter 12 and 13 individual debtors' attorneys may be awarded compensation for their work in protecting the debtor's interests in a bankruptcy case."[25] The striking of the phrase "or to the debtor's attorney" from subsection (a) of § 330 in the 1994 legislation gave rise to the problem addressed by the United States Supreme Court in *Lamie*.[26] That amendment also gives rise to the problem in this case, since employment of Stumbo Hanson was not approved under § 327 and, as the parties have recognized, the firm therefore has not satisfied the prerequisite for compensation that is stated in § 330(a)(1).[27]

---

[23] 140 Cong. Rec. S 14,597 (daily ed. Oct. 7, 1994) (Hon. Howard M. Metzenbaum), *reprinted in* E-1 *Collier on Bankruptcy*, App. Pt. 9(b) at App. Pt. 9-123.

[24] Floor Statements, Analysis of § 224 of 1994 Bankruptcy Reform Act inserted into Cong. Rec. by Hon. Jack Brooks, 140 Cong. Rec. H 10,764 (daily ed. Oct. 4, 1994), *reprinted in* E-1 *Collier on Bankruptcy*, App. Pt. 9(b) at App. Pt. 9-91 to -92.

[25] Bankruptcy Reform: Hearing before the Subcommittee on Economic and Commercial Law of the House Committee on the Judiciary, 103 Cong., 2d Sess. 551 (Aug. 17, 1994), *available on* Westlaw in database BANKR94-LH 8 at 442-43 (Bankruptcy Reform Act Legislative History 8, Arnold & Porter LLP Legislative History: P.L. 103-394).

[26] *Lamie*, 540 U.S. at 530-31.

[27] Although Stumbo Hanson has not directed the Court's attention to the Supreme Court's *Lamie* decision, the Court notes *Lamie* contains dicta stating that the requirement of proper authorization under § 327 does not extend throughout all bankruptcy chapters and that the award of fees in Chapter 12 cases was "not much disturbed" by the amendment of § 330(a)(1), citing § 330(a)(4)(B). *Id.* at 537. Given the unambiguous meaning of § 330(a)(4)(B) when § 330(a) is construed as a whole, the Court finds this dicta unpersuasive as authority for Stumbo Hanson's position.

10

Neither of the commonly-cited bankruptcy commentators supports Stumbo Hanson's position that § 330(a)(4)(B) constitutes a basis for an award of compensation without appointment under § 327. As to § 330(a)(4)(B), *Collier on Bankruptcy* states:

> Section 330(a)(4)(B) contains an exception to the general rule that professionals' services are compensable only to the extent that they benefit the estate. In a chapter 12 or chapter 13 case in which the debtor is an individual, a debtor's attorney may also receive reasonable compensation for representing the interests of the debtor in connection with the bankruptcy case, based on the necessity of such services to the debtor and the other factors applied to all professional compensation.
>
> This section was undoubtedly enacted in recognition of the fact that in chapter 13 cases and individual chapter 12 cases, the debtor's earning ability is, in a sense, the principal asset of the estate. Plans in such cases are typically funded by the debtor's income, which is property of the estate; the individual debtor is the going concern. Thus, services that benefit the debtor in connection with the case are services that facilitate the successful completion of the debtor's plan.[28]

*Norton Bankruptcy Law and Practice*'s explanation is similar:

> The 1994 Amendments [to § 330] added a provision which provided for the allowance of reasonable compensation to a Chapter 12 or Chapter 13 debtor's attorney on "a consideration of the benefit and necessity of such services to the debtor" in addition to the other factors set forth under Code § 330(a)(3). The effect of this amendment was to permit debtor's counsel to be compensated for services that benefit only the debtor and not the estate. For example, such services may include disputes over exemptions or the

---

[28] 3 *Collier on Bankruptcy* ¶ 330.03[1][b][v] at 330-26 to -27.

11

dischargeability of debts owed by the debtor.[29]

Requiring the appointment under § 327 of counsel for an individual Chapter 12 debtor-in-possession as a condition for compensation from the estate promotes important policy concerns. It preserves court control over the appointment of counsel, assuring that the professional who acts for the estate does not hold or represent an interest adverse to the estate and is a disinterested person. It assures a uniform procedure for the award of fees to counsel for all Chapter 12 debtors without regard to whether the family farm is operated by an individual or a family farming entity, such as a corporation.

**CONCLUSION.**

For the foregoing reasons, the Court grants the Trustee's Motion to Disburse Unsecured Funds, and denies Stumbo Hanson's First Application for Allowance of Attorneys' Fees and Expenses. Because the Debtor-in-possession has not applied to employ Stumbo Hanson and such employment has not been approved by the Court, no fees may be awarded to Stumbo Hanson under § 330(a).

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered (1) granting the Motion to Disburse Unsecured Funds,

---

[29] 2 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 31:5 at 31-16 (Thomson Reuters 2013).

filed by Eric J. Rajala, Chapter 12 Standing Trustee[30]; and (2) denying the First Application for Allowance of Attorneys' Fees and Expenses, filed by Stumbo Hanson, LLP, counsel for the Debtor.[31] The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #

---

[30] Dkt. 111.

[31] Dkt. 113.

# U.S. BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

---

In re:  Case No. 2013-33118-GMH-13
TOYA S JONES
3740 W CLINTON AVE
MILWAUKEE WI 53209

    Debtor                 Chapter 13
                                      **CERTIFICATE OF SERVICE**

---

STATE OF WISCONSIN )
                             ) SS
WINNEBAGO COUNTY )

   Leslie A. Tierney, being first duly sworn on oath, states that she is an employee in the office of Thomas J. King, Standing Chapter 13 Trustee, P.O. Box 3170, Oshkosh, WI 54903-3170, and on the 9th day of January 2014, a copy of the trustee's Letter Brief in Support of Objection to Debtor's Application for Authority to Employ Nathan D. Deladurantey and Heidi N. Miller, of Deladurantey Law Office, LLC as Special Counsel for the Debtor was served electronically to the following:


DELADURANTEY LAW OFFICE
735 W WISCONSIN AVE SUITE 720
MILWAUKEE WI 53233


                                   Dated the 9th day of January 2014.

                                              <u>/s/ Leslie A. Tierney</u>
                                              Leslie A. Tierney