UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Toya S. Jones,　　　　　　　　　Case No. 13-33118-GMH

Debtor.　　　　　　　　　　　　Chapter 13

**DECISION**

Chapter 13 debtor Toya Jones moved for permission under 11 U.S.C. §327 to employ special counsel to pursue an illegal repossession claim against Capital One Auto Finance. After a hearing on the motion, I denied it, reasoning that §327 governs only trustees' employment of professionals. See Court Minutes and Order, Nov. 27, 2013, CM-ECF No. 37. See also *In re Tirado*, 329 B.R. 244, 248–50 (Bankr. E.D. Wis. 2005).

I afforded the chapter 13 trustee leave to seek modification of the November 27 order. On January 9, 2014, the trustee filed a letter brief in which he makes an implicit request for reconsideration. In so doing, he argues: (1) a chapter 13 debtor is required to obtain court approval to hire special counsel under §327, and (2) special counsel's compensation must be subject to court approval under §§329 and 330.

The trustee's first point can't be reconciled with the text and structure of the Code. The trustee's second point is correct when special counsel's services are in connection with a debtor's bankruptcy case, but it does not imply that a debtor must secure court approval of her choice of special counsel under §327. Consequently, I deny the trustee's request for reconsideration.

I.

A.

Jones's state-law claim is property of her bankruptcy estate. 11 U.S.C. §541(a)(1); see also 11 U.S.C. §1306(a)(1). Sections 1306(b) and 1303 afford her possession of the claim and the right to use it, unless or until a confirmed plan provides otherwise. This right includes pursuing the claim for the benefit of the estate. *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472–74 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013); see also *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998); *Case v. Wells Fargo Bank, NA*, 359 B.R. 709, 711–12 (Bankr. E.D. Wis. 2006), *rev'd on other grounds sub nom. In re Herrera*, 369 B.R. 395 (E.D. Wis. 2007). Jones's proposed plan commits at least one-half of the proceeds from any recovery to fund payments to unsecured creditors. The trustee doesn't contest Jones's right to pursue the claim in this way, but, relying on §327, he maintains that the debtor must get court approval of her choice of counsel.

Section 327 governs the employment of professionals by *trustees*; it makes no mention of employment by *debtors*:

> (a) Except as otherwise provided in this section, the **trustee**, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . .
>
> (b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the **trustee** may retain or replace such professional persons if necessary in the operation of such business.
>
> . . . .
>
> (e) The **trustee**, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such

2

attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(f) The *trustee* may not employ a person that has served as an examiner in the case.

11 U.S.C. §327 (emphases added).

Jones is neither a trustee nor one on whom the Code imposes the functions and duties of a trustee. A chapter 13 debtor, unlike debtors under chapters 11 and 12, is not charged with "perform[ing] all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. §1107(a); see also 11 U.S.C. §1203 ("a debtor in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under chapter 11"). Instead, a chapter 13 debtor and the chapter 13 trustee exercise concurrent authority over estate property, with the exception that the debtor has exclusive authority to use, sell, or lease estate property under §363: "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under [§363(b), (d)–(f) & (l)]". 11 U.S.C. §1303. A chapter 13 debtor is not required to perform the functions or duties of a trustee, unless she is engaged in business, in which case she must perform the trustee's duties to provide periodic operating reports under §704(a)(8). See 11 U.S.C. §1304(c). As a result, an individual chapter 13 debtor, like Jones, is not a "trustee" for purposes of §327.

B.

The decisions the trustee relies on to support his contention that a chapter 13 debtor must obtain court approval to hire special counsel are either inapplicable or unpersuasive. *In re Swenson* is inapplicable because it's a chapter 12 case. No. 09-41687, 2013 WL 3776318 (Bankr. D. Kan. July 16, 2013). The Code provides that chapter 12 debtors in possession must "perform all [of] the functions and duties . . . of a trustee".

3

§1203. But, as explained above, the Code imposes no similar requirement on chapter 13 debtors. Compare §1203 with §§1303 & 1304.

*In re Jackson*, also relied on by the trustee, addresses chapter 13 debtors' standing to maintain a malpractice claim against their former bankruptcy counsel. *Jackson v. Marlette (In re Jackson)*, 317 B.R. 573 (Bankr. D. Mass. 2004). Following *Cable* and similar authorities, *Jackson* concludes that chapter 13 debtors have standing to prosecute such claims because (i) they have possession of the claim pursuant to §1306(b); (ii) §§1303 and 363 authorize them to "use" estate property, including causes of action; and (iii) they are in a better position than chapter 13 trustees to control the litigation. See *id.* at 577 n.4 & 578–80. In rejecting an argument that the debtors in that case relied on §327 "to establish jurisdiction" over their claim, *Jackson* reasoned that where the chapter 13 trustee did not object "it was not inappropriate for the Debtors to obtain Court approval to employ special counsel". *Id.* at 578. In the same passage *Jackson* disavows the suggestion that chapter 13 debtors should be equated with debtors in possession upon which the Code imposes the duties of trustees, stating, "[t]he term 'debtor in possession' is a term of art applicable to Chapter 11 cases only." *Id.* at n.5. Consequently, *Jackson* lends no persuasive support to the trustee's view that a chapter 13 debtor must obtain court approval under §327 to employ counsel to prosecute her state-law claim.

*In re Goines*, the trustee's remaining authority, does hold that a chapter 13 debtor, rather than a chapter 13 trustee, must file an application to employ special counsel under §327(e). 465 B.R. 704 (Bankr. N.D. Ga. 2012). In *Goines* the trustee objected to confirmation of the debtors' proposed chapter 13 plan because they had not filed an application to employ special counsel to pursue a pending, pre-petition workers' compensation claim. The debtors contended that it is the chapter 13 trustee's responsibility to obtain court approval of the employment of special counsel. In this posture, the court concluded that chapter 13 debtors who possess non-bankruptcy

4

causes of action have "the authority and duty to file an application to employ special counsel, as opposed to the Chapter 13 trustee ", and that "the word 'trustee' in §327(e) includes a Chapter 13 debtor-in-possession." *Id.* at 706. Starting from the premise that the employment of special counsel must be subject to court approval under §327, the court concluded that "[t]he statutory scheme would make no sense if the Chapter 13 debtor had the authority to pursue, control, litigate and settle pre-petition claims, but the duty to file the application to employ special counsel under §327 was on the Chapter 13 trustee", because the chapter 13 trustee is ill-equipped to investigate the claim and employ special counsel, and requiring the trustee to employ special counsel would impose duties on the trustee beyond those contemplated by §1302. *Id.* at 707–08.

*Goines* is unpersuasive. In asking whether the trustee or the debtors must apply to employ special counsel under §327, the court fell victim to the fallacy of false choice. Having ruled that the debtors, rather than the trustee, were entrusted with pursuing the claim, the court concluded that the debtors were required to seek that approval. The court should have concluded instead that neither the chapter 13 trustee nor the chapter 13 debtors had to seek court approval to hire counsel under §327. The trustee did not have to seek that approval because he was not hiring special counsel. The debtors did not have to seek that approval because §327 only applies to trustees and those debtors on whom the Code imposes the functions and duties of trustees. Nothing in the Code supports *Goines*' conclusion that "trustee" in §327 includes chapter 13 debtors. And the Code's structure is to the contrary: The fact that §§1107 and 1203 impose the functions and duties of a trustee on debtors in possession under chapters 11 and 12 while nothing in chapter 13 similarly imposes those functions and duties on chapter 13 debtors undermines *Goines*' conclusion.

II.

None of this entails that a chapter 13 debtor's special counsel is free from bankruptcy-court oversight. As the trustee here argues, special counsel who represent

5

the chapter 13 debtor "in connection with" a case under Title 11 are regulated by §329; they must "file with the court a statement of the compensation paid or agreed to be paid . . . and the source of such compensation." 11 U.S.C. §329(a). Their compensation is also subject to court approval under §330. 11 U.S.C. §330(a)(4)(B) ("the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor *in connection with* the bankruptcy case". (emphasis added)). As a result, if the court concludes that the compensation is excessive, §329 authorizes it to either cancel the employment agreement or order part of the payment transferred to the estate, and §330 allows the court to "award compensation that is less than the amount . . . requested." See §§329(b) & 330(a)(2); see also Fed. R. Bankr. P. 2017(b).

While most obviously applicable to bankruptcy counsel's compensation, these provisions apply equally to counsel employed by a debtor to provide legal services "in connection with" her bankruptcy case, such as pursuing a claim that is property of the estate. Cf. *In re Campbell*, 259 B.R. 615, 627–28 (Bankr. N.D. Ohio 2001). See also *In re Powell*, 314 B.R. 567, 570–71 (Bankr. N.D. Tex. 2004). Specifically, counsel who represent the debtor in prosecuting a claim that is property of the estate or a claim committed to fund a chapter 13 plan represent the debtor "in connection with" the bankruptcy case. See *Powell*, 314 B.R. at 571 ("'[I]n connection with the bankruptcy case' [in §330(a)] must be read liberally to include attorney work for a debtor that could have a conceivable effect on the Chapter 13 case while a debtor prosecutes a Chapter 13 case."); compare *In re Davis*, No. 07-51337-NPO, 2009 WL 4856199, at *2–4 (Bankr. S.D. Miss. Dec. 9, 2009) (criminal defense counsel services that resulted in a more favorable settlement of a civil claim paid to creditors through the debtor's chapter 13 plan were services "in connection with" the debtor's bankruptcy case).

What is more, special counsel's compensation, if to be paid from the estate or through the chapter 13 plan, is an administrative claim under §503(b). That compensation may be allowed as "compensation and reimbursement awarded under

6

section 330(a)", as provided in §503(b)(2), or, potentially, as "an actual, necessary cost[] and expense[] of preserving the estate," as provided in §503(b)(1)(A). In either event, such an administrative expense claim is entitled to priority under §507(a)(2); thus, payment of that claim must be provided for in the debtor's chapter 13 plan under §1322(a)(2).

Because Jones's chapter 13 plan provides that it will pay part of any recovery from her repossession claim to creditors, it should also provide an estimate of her special counsel's compensation, which may be a description of the terms of a contingency fee arrangement. See 11 U.S.C. §1322(b)(11) (authorizing the plan to "include any other appropriate provision not inconsistent with this title."). In particular cases, the trustee, other parties in interest, or the court might insist that the plan provide greater details relating to special counsel's engagement or limit the debtor's control of the litigation, including, for example, requiring court approval of any compromise. These are matters to be considered through the plan confirmation process, if raised by the trustee or a creditor, rather than through non-confirmation related motion practice. See W. HOMER DRAKE, JR., PAUL W. BONAPFEL & ADAM M. GOODMAN, CHAPTER 13 PRACTICE & PROCEDURE §9B:5, at 744 (2013).

### III.

Accordingly, I conclude that Jones is not required to seek court approval to hire special counsel under 11 U.S.C. §327, and the trustee's request to reconsider my November 27, 2013 order is denied.

January 31, 2014

G. Michael Halfenger, U.S. Bankruptcy Judge

7